
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: YAHOO! INC. SECURITIES LITIGATION, | No. 12-17080 |
| | D.C. No. 3:11-cv-02732-CRB |
| PENSION TRUST FUND FOR OPERATING ENGINEERS, on behalf of itself and all others similarly situated, | MEMORANDUM* |
| Appellant - Appellant, | |
| v. | |
| YAHOO! INC.; CAROL A. BARTZ; JERRY YANG; TIMOTHY R. MORSE, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, Senior District Judge, Presiding

Argued and Submitted December 10, 2014
San Francisco, California

Before: KOZINSKI, RAWLINSON, and MURGUIA, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appellant Pension Trust Fund for Operating Engineers appeals the district court's dismissal of its class action securities fraud complaint alleging violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934. 15 U.S.C. §§ 78j(b) & 78t(a). The district court held that appellees Yahoo! Inc. and three of its principal officers had no duty to disclose the allegedly omitted information at the time the class period statements were made, and that, even if certain allegedly false pre-class period statements gave rise to a duty to correct, disclosure was made within a reasonable time period. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009), we affirm.

The complaint fails to identify any actionable misrepresentation or omission. *See* 15 U.S.C. § 78u-4(b)(1) (requiring particularity); Fed. R. Civ. P. 9(b) (same); *Stoneridge Inv. Partners, LLC v. Scientific-Atlanta*, 552 U.S. 148, 157 (2008) (stating the elements of a claim under § 10(b) of the Securities Exchange Act of 1934 and Securities and Exchange Commission Rule 10b–5). Specifically, the complaint fails to identify any affirmative misrepresentation or omission.

"Silence, absent a duty to disclose, is not misleading under Rule 10b–5." *Basic Inc. v. Levinson*, 485 U.S. 224, 239 n.17 (1988). Section 10(b) and Rule 10b–5 do not create an affirmative duty to disclose all material information.

*Matrixx Initiatives, Inc. v. Siracusano*, 131 S. Ct. 1309, 1321 (2011); *see also Chiarella v. United States*, 445 U.S. 222, 235 (1980) ("[A] duty to disclose under § 10(b) does not arise from the mere possession of [material] nonpublic market information."). Rather, disclosure is required "only when necessary to make . . . statements made, in the light of the circumstances under which they were made, not misleading." *Matrixx*, 131 S. Ct. at 1321 (quoting 17 C.F.R. § 240.10b–5(b)).

The first alleged class period misrepresentation reported the public market value of Alibaba.com and noted that the figures "do not include estimates of the value of Alibaba's privately held businesses." This statement "neither stated nor implied anything regarding" Alipay's value or the fact of its restructuring. *Brody v. Transitional Hosps. Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002). The second alleged class period misrepresentation, which appeared roughly three weeks later in Yahoo's 10-Q, disclosed Alipay's restructuring, reporting that "100 percent of its outstanding shares" had been transferred to "a Chinese domestic company which is majority owned by Alibaba Group's chief executive officer." Appellees did not disclose additional details about the restructuring, such as the amount of consideration received for the share transfer or the termination of the variable interest entity contract. However, the information disclosed was "entirely consistent with the more detailed explanation" of the restructuring. *Id.* at 1007.

Considered in context and in the light most favorable to the appellant, *see Matrixx*, 131 S. Ct. at 1321; *Zucco*, 552 F.3d at 989, these class period statements did not "affirmatively create an impression of a state of affairs that differ[ed] in a material way from the one that actually exist[ed]." *Brody*, 280 F.3d at 1006. Therefore, the statements did not constitute material misrepresentations and are not actionable under the securities laws.

Appellant argues that several of appellees' pre-class period statements specifically mentioning Alipay gave rise to a duty to correct. Neither the Supreme Court nor the Ninth Circuit has recognized a duty to correct. *See Stransky v. Cummins Engine Co., Inc.*, 51 F.3d 1329, 1331 n.1 (7th Cir. 1995). However, the Seventh Circuit has recognized such a duty and held that it applies "when a company makes a historical statement that, at the time made, the company believed to be true, but as revealed by subsequently discovered information actually was not. The company then must correct the prior statement within a reasonable time." *See id.* at 1331.

Even if any of the pre-class period statements were materially false or misleading at the time they were made, and even if we were to recognize a duty to correct, which we do not, appellees have not violated such a duty because they corrected the prior statements "within a reasonable time." *Id.* Appellees corrected

-4-

their allegedly false and misleading pre-class period statements on May 10, 2011—six weeks after appellees discovered, on March 31, 2011, information tending to show the falsity of the prior statements. *See Higginbotham v. Baxter Int'l Inc.*, 495 F.3d 753, 760–61 (7th Cir. 2007). Especially because appellees' May 10 disclosure was made in a periodic quarterly filing, and because appellees were engaged in ongoing discussions regarding Alipay's restructuring, six weeks was a reasonable time for appellees to correct their pre-class period statements. *See id.* at 760–61.

Having failed to plead a violation of § 10(b), appellant's § 20(a) claim also fails. *Zucco*, 552 F.3d at 990.

Because it is clear that the complaint could not be saved by amendment, *see Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003), the district court did not abuse its discretion in denying appellant leave to amend.

**AFFIRMED**.